IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 1:10CR00036

CHARLES H. WELLS

## **PROTECTIVE ORDER**

The United States has made application to this Court, pursuant to 21 U.S.C. § 853(g), for a restraining order to protect the interest of the United States in property that has been ordered to be forfeited to the United States.  Upon consideration of the United States' application, and the facts submitted in support thereof, it appears to the Court that the United States' application should be **GRANTED** and that this Protective Order should be entered to protect the United States' interest in property ordered to be forfeited based upon the following:

1. Title 21, United States Code, Section 853(g) provides as follows:

(g) Execution.  Upon the entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper.  Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited.

2. On September 21, 2010, this Court entered a Preliminary Order of Forfeiture in this matter wherein certain interests in real and personal property owned by the Defendant, Charles Wells, were forfeited to the United States.  The Order authorizes the United States Marshal and/or other property custodian to take possession and maintain custody of the property named in the Order.  The Order forfeits "any and all interest of Charles H. Wells in all stock and assets,

including furniture, equipment, inventory, leases, accounts receivable and notes receivable, of Progress Machinery, LLC, a Kentucky Limited Liability Company" and "any and all interest of Charles H. Wells in all stock and assets, including furniture, equipment, inventory, leases, accounts receivable and notes receivable, of the Smilin' Smoker, Inc., a Kentucky corporation." Wells owned a 25% membership interest in Progress Machinery, LLC, and a 50% shareholder interest in Smilin' Smoker, Inc. These interests constitute personal property and have been forfeited to the United States subject only to any interest claimed by a third party. The remaining 75% membership interest in Progress Machinery, LLC, and the remaining 50% shareholder interest in Smilin' Smoker, Inc. are owned by Brian Cooper.

3. Brian Cooper, the 75% percent membership interest holder in Progress Machinery, LLC, has contracted with Stuart B. Millner & Associates ("Millner"), an auction company in St. Louis, Missouri, to conduct an auction which purports to sell "assets surplus to the ongoing business of Tantus Tobacco/Progress Machinery" on Tuesday, July 26, at 10:00 a.m. in Jamestown, Kentucky. Wells has no interest in Tantus Tobacco. Millner is to be paid for its services from the proceeds of the sale.

4. The Lot Listing prepared by Millner describes the equipment that is being offered for sale, however, the listing does not specify if the equipment is an asset of Tantus Tobacco or Progress Machinery. As such, it is not clear in which equipment the United States, as a result of the forfeiture in this case, may have an interest. The completion of the auction without any detailed accounting of the ownership status of the equipment could potentially result in a dissipation or complete termination of the United States' interest in the equipment of Progress Machinery.

5. It also appears that assets of Progress Machinery, LLC, have been pledged to Kentucky Bank as partial security for a debt that has been at least partially incurred by Tantus Tobacco, LLC, and Tantus Tobacco Holdings, LLC. Any encumbrance placed on the assets of Progress Machinery, LLC, by Kentucky Bank, at the direction of Brian Cooper could have a negative effect on the value and/or potentially on the continued existence of the United States' interest in a portion of the assets of Progress Machinery, LLC.

6. Based on the foregoing, it is evident that action by this Court pursuant to 21 U.S.C. § 853(g) is required in order to protect the interest of the United States in property that has been ordered to be forfeited. The restraint of the funds until such time as full disclosure of the financial affairs of Progress Machinery, LLC, is made and the United States Marshals Service is allowed to conduct it's is an appropriate measure to protect the United States' 25% interest in Progress Machinery, LLC.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That the auction scheduled for July 26, 2011, may proceed. Stuart B. Millner & Associates is authorized to deduct from the proceeds of the auction payment for its services as provided for in the contract entered into between Stuart B. Millner & Associates and Brian Cooper, whether individually or on behalf of Tantus Tobacco and/or Progress Machinery, LLC. After deducting the amount for services rendered from the auction proceeds, Stuart B. Millner & Associates, its agents, servants, employees, attorneys, family members and those persons in active concert or participation with it, and those persons, financial institutions, or entities who have any interest or control over the remaining proceeds of the auction are hereby RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court, from

making any distribution of the remaining proceeds from the auction to any person or entity until such time as it can be determined what amount of the proceeds are attributable to the sale of any asset owned by Progress Machinery, LLC.

IT IS FURTHER ORDERED that Brian Cooper and his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or entities who have any interest or control over any property owned by Progress Machinery, LLC, is ordered to make available the financial records of Progress Machinery, LLC, and provide full disclosure of the financial affairs of said entity to the United States Marshals Service in order for the United States Marshals Service to conduct an assessment of the financial affairs of Progress Machinery, LLC.

IT IS FURTHER ORDERED that any financial institutions holding any loans on assets owned by Progress Machinery, LLC, subject to this Order be required to respond promptly to requests by the Government for information on the status of any applicable loan.

IT IS FURTHER ORDERED that this Order shall remain in full force and effect and the Stuart B. Millner & Associates is hereby authorized to maintain the above-referenced funds in a proceeds account until further order of this Court.

SO ORDERED, this the 25th day of July, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE